UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRANDON SIMS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **BAKER HUGHES AND** | * | **SECTION " "** |
| **ENSCO OFFSHORE CO.** | * | |
| | * | **MAG.** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SEAMEN'S COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Brandon Sims, a Jones Act Seamen, and a person of full age and majority, domiciled in Sumrall, State of Mississippi, who respectfully avers as follows:

I.

This action is brought pursuant to Title 46 U.S.C. § Section, 688, the Jones Act, and all statutes supplemental and amendatory thereto, and pursuant to the General Maritime Laws of the United States.

II.

Baker Hughes, a named defendant herein, is an entity authorized to do and doing business in the State of Louisiana, and is liable unto Plaintiff, Brandon Sims, for claims of the nature asserted herein.

III.

Ensco Offshore Company, a named defendant herein, is an entity authorized to do and doing business in the State of Louisiana, and is liable unto Plaintiff, Brandon Sims, for claims of the nature asserted herein.

IV.

On or about December 22, 2011, plaintiff, Brandon Sims, was employed as a roustabout by defendant, Ensco Offshore Company and assigned to the Ensco 68.

V.

On or about December 22, 2011, the Ensco 68 was owned, operated and/or controlled by defendant Ensco Offshore Company.

VI.

On or about December 22, 2011, Baker Hughes, through its employees, were performing work on the Ensco 68 pursuant to a contract between Ensco and Baker Hughes.

VII

On or about December 22, 2011, as plaintiff was attempting to perform his assigned duties aboard the Ensco 68 in the Gulf of Mexico in conjunction with an employee of defendant Baker Hughes, he sustained serious, permanent and disabling injuries when a hose under pressure came loose and threw plaintiff backward on the deck.

VIII.

As a result of the accident, Plaintiff, Brandon Sims, sustained serious, painful physical and emotional injury to his mind and body, including but not limited to, his head, neck, back, upper and lower extremities, eyes, mouth and lungs.

IX.

The accident and resulting injuries described above were caused by the negligence of the defendant, Ensco Offshore Company, in the following particulars:

    a)    Failing to provide plaintiff with a safe place to work;

    b)    Failing to adequately supervise the work being performed;

    c)    Failing to warn of the pressure in the hose being handled by plaintiff;

    d)    Failing to clear the hose of pressure before plaintiff handled the hose;

    e)    Requiring and/or allowing plaintiff to handle a hose under pressure;

    f)    Failing to perform the assigned task in a coordinated manner;

    g)    Any and all other acts of negligence that will be shown at the trial of this matter.

X.

The accident and resulting injuries described above were caused by the negligence of the defendant, Baker Hughes in the following particulars:

    a)    Failing to perform the assigned task in a coordinated manner;

    b)    Failing to adequately supervise the work being performed;

    c)    Failing to warn of the pressure in the hose being handled by plaintiff;

    d)    Failing to clear the hose of pressure before plaintiff handled the hose.

    g)    Any and all other acts of negligence that will be shown at the trial of this matter.

XI.

At all pertinent times hereto, the Ensco 68 was unseaworthy in one or more of the following respects, to-wit:

a) Failing to provide plaintiff with a safe place to work.

b) Failing to adequately supervise the task being performed;

c) Failing to warn of the pressure in the hose being handled by plaintiff;

d) Failing to clear the hose of pressure before plaintiff handled the hose.

e) Other unseaworthy conditions to be determined at a trial of this action.

XII.

In accordance with the Jones Act, the defendants are liable unto the plaintiff, Brandon Sims, for the following damages:

a) Past, present and future medical expenses;

b) Past, present and future physical pain and suffering;

c) Past, present and future mental pain and suffering;

d) Lost wages and loss of earning capacity; and,

e) Any other elements of damage recoverable under the Jones Act or under Louisiana law.

XIII.

Plaintiff, Brandon Sims, is entitled to maintenance and cure benefits from the above referenced Defendant/Employer, Baker Hughes and Ensco Offshore Company, until such time as he reaches maximum medical cure; and Plaintiff is entitled to attorney's fees, costs and compensatory damages in the event the Defendants, Baker Hughes and Ensco Offshore Company, unreasonably or arbitrarily refuses to pay or discontinues maintenance and cure benefits.

**WHEREFORE,** for the above and foregoing reasons, plaintiff, Brandon Sims, request that the defendants, Baker Hughes and Ensco Offshore Company, be served with a copy of this Seaman's Complaint and that after all legal proceedings and due delays are had, there be judgment in favor of

Plaintiff, Brandon Sims, and against the defendants, Baker Hughes and Ensco Offshore Company for damages in the sum of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00), plus interest from the date of accident until paid, all costs of these proceedings, and for all other general, equitable maritime relief.

Respectfully submitted,

**UNGAR & BYRNE**

/s/ George W. Byrne, Jr.
GEORGE W. BYRNE, JR. (#3744)
EVETTE E. UNGAR (#29013)
CHERYL L. WILD (#28805)
650 Poydras St., Suite 2005
New Orleans, Louisiana 70130
Telephone No.: (504) 566-1616
Facsimile No.: (504) 566-1652
E-Mail: leslie@ungarlawyers.com
Counsel for Plaintiff, *Brandon Sims*

**PLEASE SERVE:**

**BAKER HUGHES INCORPORATED**
Through Agent for Service of Process
CT CORPORATION SYSTEMS
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70518

**ENSCO OFFSHORE CO.**
Through Agent for Service of Process
CT CORPORATION SYSTEMS
350 N. St. Paul St., Suite 2900
Dallas, TX 75201