UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRANDON SIMS                                                CIVIL ACTION

VERSUS                                                      NO. 12-421

BAKER HUGHES, ET AL                                         SECTION "N" (2)

## ORDER AND REASONS

Before the Court is a "Motion for Summary Judgment" (Rec. Doc. 25), filed by defendant ENSCO Offshore Company ("ENSCO"). Opposition and reply memoranda are at Rec. Docs. 30 and 42.

Plaintiff alleges that he was injured while working as a roustabout aboard a jack-up rig when a pressurized hose threw him to the deck and splashed him with a chemical liquid. ENSCO seeks summary judgment dismissing the claims against it on the basis of Brandon Sims' own deposition testimony, wherein he repeatedly answers "No" to questions by counsel inquiring as to whether ENSCO personnel "did anything wrong." Rec. Doc. 25-1 at 3-5. According to ENSCO, it is entitled to judgment as a matter of law because Sims "admitted under oath that his co-employees did not cause or contribute to his accident and that the equipment worked properly." Rec. Doc. 25 at 1. ENSCO argues that Sims "in his own deposition, absolved his ENSCO co-workers of any and all liability for the accident." Rec. Doc. 25-1 at 5. Plaintiff opposes the motion, arguing that Sims was unaware at the time of his deposition of several acts and omissions by ENSCO personnel about which he could not have had personal, first-hand knowledge.

Plaintiff is correct that Sims' deposition testimony is not entitled to the conclusive legal effect advocated by ENSCO. Assuming without deciding that the testimony in question is an "admission" in the evidentiary sense,[1] it is not a judicial admission entitled to conclusive effect.

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's Louisiana, Inc*., 244 F.3d 474, 476 (5th Cir. 2001). It "may not be controverted at trial or on appeal." *Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Id.* It "is conclusive, unless the court allows it to be withdrawn." *Id.* at 477. "A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact." *Id.* at 476. "By contrast, an ordinary evidentiary admission is merely a statement of assertion or concession made for some independent purpose, and it may be controverted or explained by the party who made it." *Id.* at 476-77 (citations and internal quotations omitted). "When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission." *Keller*, 58 F.3d at 1199 n.8 (citing MICHAEL H. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 6726, at 536-37); *see also Siegrist v. Kleinpeter*, 2004 WL 797723 *2 (E.D. La. 2004) (Vance, J.) ("The deposition statement by Dr. Kleinpeter is an evidentiary admission, not a judicial admission. There is no indication that he made the

---

[1] Although certain aspects of the deposition testimony in question are directed to factual issues, the testimony is in other respects in the nature of lay opinion.

statement as a formal concession with the intention of relieving plaintiff of the burden of proving the standard of care."); *cf. Crompton Greaves, Ltd. v. Shippers Stevedoring Co.,* 776 F. Supp. 2d 375, 392 n.11 (S.D. Tex. 2011) ("A Rule 30(b)(6) deposition is admissible against the party designating the representative but is not 'binding' on the entity for which the witness testifies in the sense of preclusion or judicial admission....Testimony given in a Rule 30(b)(6) deposition is evidence, which, like other deposition testimony, can be contradicted and used for impeachment purposes.").  Thus, plaintiff is entitled to submit other evidence to demonstrate that a genuine dispute exists regarding ENSCO's liability, although it may be contrary to the beliefs expressed by Brandon Sims at his deposition.

Regarding the negligence claim against ENSCO, the Court finds that the plaintiff has pointed to sufficient evidence to demonstrate a genuine dispute as to whether an ENSCO employee breached his duty of care and thereby caused injury to Sims.  In particular, plaintiff has submitted deposition testimony tending to show that the deck foreman may have erred in following and/or relaying orders regarding the procedure for disconnecting the hose.  Rec. Doc. 30-4 at pp. 28-32 of 35.  As to the unseaworthiness claim, however, the plaintiff has submitted no evidence demonstrating a genuine dispute as to whether the vessel was unseaworthy.  Indeed, plaintiff concedes that "all involved equipment was functioning properly."  Rec. Doc. 30 at 5.

Accordingly,

**IT IS ORDERED** that ENSCO's Motion for Summary Judgment" (Rec. Doc. 25) is hereby **GRANTED IN PART**, in that it is granted as to unseaworthiness, and **DENIED IN PART**, in that it is denied as to negligence.

New Orleans, Louisiana, this 1st day of April, 2013.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**

4